UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20764

    Plaintiff,

v.

        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

D-13 CHARLES DAVIS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT DAVIS'
MOTION TO DISMISS COUNT 8, JOINED IN BY OTHERS (Dkt. #203)**

Defendant contends that his statement to others, the basis for his being charged in Count 8 with Conspiracy to Commit Murder in Aid of Racketeering, is protected speech under the First Amendment right to free speech, as set forth in *Brandenburg v. Ohio*, 395 U.S. 444 (1969).

The Sixth Circuit has held that "speech is not protected by the First Amendment when it is the very vehicle of the crime itself." *United States v. Varani*, 435 F.2d 758, 762 (6th Cir. 1970). Citing *Varani* with approval in *United States v. Jeffries*, 692 F.3d 473, 478, the Sixth Circuit stated:

> Words often are the sole means of committing crime – think bribery, perjury, blackmail, fraud. Yet the First Amendment does not disable governments from punishing these language-based crimes, *United States v. Varani* . . . many of which predate the First Amendment.

In the instant case where the Government asserts that Defendant Davis verbally offered to have individuals from out of Detroit assist in carrying out the murder of members of a rival

1

motorcycle gang, and that he could supply UZI submachine guns in support of the murder plot, his statements are not First Amendment protected.

Accordingly the Court DENIES Defendant's Motion to Dismiss Count 8.

SO ORDERED.


DATED:  July 1, 2014					s/Paul D. Borman					
							PAUL D. BORMAN
							UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2014.


						s/Deborah Tofil					
						Case Manager