UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



UNITED STATES OF AMERICA,

        CRIM. CASE NO. 13-20764

    Plaintiff,

v.

        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

D-5  CHRISTOPHER ODUM,
D-14 WILLIAM FRAZIER.

    Defendant(s).
_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR
## JUDGMENTS OF ACQUITTAL AND/OR NEW TRIAL

BACKGROUND

    Defendants Christopher Odum (D-5) and William Frazier (D-14) were tried together in the second jury trial under the Third Superseding Indictment of the Phantom Outlaw Motorcycle Club. The trial began on April 30, 2015. Both Defendants were convicted of all charges against them.

    On June 19, 2015, Defendant William Frazier filed a Motion for Judgment of Acquittal (Fed. R. Cr. P. 29) or New Trial (Fed. R. Cr. P. 33) (Dkt. 568). On June 30, 2015, Defendant Christopher Odum filed a Motion for Judgment of Acquittal or In the Alternative a New Trial. (Dkt. 572). On July 21, 2015, the Government filed a Combined Response to Defendants' Motions for Judgment of Acquittal and New Trial. (Dkt. 581)

DISCUSSION

Defendants filed timely motions for judgment of acquittal under Fed. R. Crim. P. 29(c), and timely motions for a new trial under Fed. R. Crim. P. 33(b)(2).

In evaluating a Defendant's Rule 29 motion for judgment of acquittal, the Court must examine the sufficiency of the evidence in the light most favorable to the prosecution in determining whether there was sufficient evidence offered at trial to convince a rational trier of fact beyond a reasonable doubt that all of the elements of the charged crimes had been proven.

In evaluating a Defendant's Rule 33 Motion for a New Trial, "the Court may vacate any judgment and grant a new trial if the interest of justice so requires."

The Court "may not weigh the evidence presented, consider the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 588-89 (6th Cir. 1999) cited with approval in *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010). The *Graham* decision further quoted with approval this sentence in *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir.) cert. denied, 127 S.Ct. 446 (2006): "A defendant claiming insufficiency of the evidence bears a very heavy burden," and this sentence from *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 2006): "Furthermore, it is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." (Citations omitted). As the Supreme Court held in *Jackson v. Virginia*, 99 S.Ct. 2781 (1979):

2

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

99 S.Ct. at 2789 (emphasis in original).

The Court concludes that in the instant case, there is sufficient evidence in the trial record that supports the conclusion that any rational juror could have found proofs of the necessary elements of each of the crimes of conviction as to Defendants Frazier and Odum beyond a reasonable doubt.

## DISCUSSION REGARDING DEFENDANTS FRAZIER AND ODUM

Defendant Frazier was charged with and convicted of three counts in the Government's Third Superseding Indictment:

Counts Two and Three:

> 18 U.S.C. §§ 1959(a)(3); and 2
> Assault with a dangerous weapon in aid of racketeering, and aiding and abetting.

Count Four:

> 18 U.S.C. § 924(c); and 2
> Use and carry of a firearm during, and in relation to a crime of violence, and aiding and abetting.

Count Two relates to an incident on October 27, 2012 involving an assault of K.T.

Count Three involves an incident on October 27, 2012 involving an assault of S.T.

Count Four involves use and carry of a firearm on October 27, 2012, and the firearm was discharged.

Defendant Frazier's first argument is that the evidence at trial did not support the jury's finding of his guilt beyond a reasonable doubt on each charge. The Court concludes that taking the evidence in favor of the non-moving party – the Government, that the evidence established Frazier's guilt beyond a reasonable doubt.

Defendant Frazier contends that the testimony of the Government's cooperating witnesses, Maurice Williams, Carl Miller, and Vicente Phillips regarding the shooting on October 27, 2012, should not be trusted. Defense counsel made these arguments to the jury and the jury rejected them. The jury heard the direct testimony and defense cross-examination of the Government witnesses, and believed their testimony in finding Defendant Frazier guilty. The Court concludes that the jury's verdicts of Defendant Frazier's involvement with the Phantoms, and his guilt in the acts charged was established beyond a reasonable doubt by the evidence introduced at trial.

The Court denies Defendant Frazier's motion for a judgment of acquittal/new trial based on two claims of prosecutorial misconduct relating to discovery. The Court concludes that both issues raised in the two claims – failure to investigate, and withholding evidence – were resolved by the Court <u>and</u> the parties during the trial, so that there is no longer a need for ruling on the Defendants' claims the prosecutorial misconduct prejudicing Defendant Frazier's right to a fair trial. Specifically, the Court concludes that the Defendants did not suffer any prejudice at trial relating to those two claims. The Court further concludes that there was no pattern of prosecutorial

misconduct in this trial.

Defendant Frazier's first claim – failure to investigate – related to two individuals present at the October 27, 2012 shooting incident at the Toro's clubhouse in Columbus, Ohio. The government had originally listed the two individuals as trial witnesses – Keith Foster and Shalamar Thompson – but subsequently decided to not call them just days before trial. Defendants asserted to the Court that they wanted to call those witnesses at trial, and that the Government's conduct impacted their right to a fair trial. In response, the Court required service of subpoenas on those two witnesses for trial. The prosecution and defense counsel utilized the Columbus U.S. Marshal, and in addition, a court-approved private investigator in Columbus hired by the defense under the Criminal Justice Act, to find those witnesses. This matter was resolved to the defense's satisfaction, and included a joint stipulation by the parties, introduced at trial.

Defendant Frazier's second claim – withholding evidence – was that the Government had withheld critical evidence: "(1) a spent 9mm shell casing collected at the Toro's Clubhouse and (2) a spent bullet that was also discovered from the Toro's Clubhouse on October 27, 2012." (Defendants Brief in Support of Motion for Acquittal or New Trial (Dkt. #568, P.20)

Defendant asserted that these two items were referenced in a Columbus, Ohio police report in the government's possession that had not been provided as discovery to "the defense until May 15, 2015, the second to last day of the Government's case in

chief." *Id.* at 21. Defendant asserted that the Government had been aware of the shell casing and the spent bullet, because those facts had been contained in the Detroit federal grand jury testimony of Columbus, Ohio Detective Mark Lovett on January 22, 2014, 15 months before the trial.

The Government responded that the federal grand jury testimony of Detective Lovett, noting the bullet and the shell casing, had been provided to the defense in discovery long before trial, so Defendants had been aware of the existence of the shell and bullet casing, and further, that Defendants had not requested these items from the government for testing to determine if they came from a certain firearm. Defendants responded that the Columbus police report highlighting those items should have been provided as pretrial discovery.

The Court resolved this issue by requiring the Government to immediately (the day it was raised) secure the evidence from the Columbus, Ohio Police Department and have the evidence brought to Detroit for immediate ballistics testing by the Michigan State Police (MSP) Criminal Laboratory in Detroit the next day. The results were provided to the Court and the parties the next day, prior to the close of the Government's case. Thus, Defendants received the MSP ballistics report in time to go over it with their ballistics expert during the Government's case in chief, and thus also before the time for presentation of the defense's case. The reality of what occurred, directly contradicts Defendant Frazier's claim in his brief that the Court "forced the Defense to perform ad

6

hoc tests upon the firearm evidence" that violated defendants due process rights. *Id.* at 22. Finally, given the events at trial, there was no basis for the Court to give a defense-requested adverse inference instruction concerning evidence lost or destroyed by the government.

The Court did not error, as Defendant alleges, "by failing to allow the Defendant to conduct meaningful *voir dire*." *Id.* at 24. Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 24 states:

> (a)(1) <u>In General</u>. The Court may examine prospective jurors or may permit the attorneys for the parties to do so.
> (a)(2) <u>Court Examination</u>. If the Court examines the jurors, it must permit the attorneys for the parties to:
> (A) ask further questions that the court considers proper; <u>or</u>
> (B) submit further questions that the court may ask if it considers them proper.

(emphasis added).

In this case, the Court followed option (a)(2)(B); permit the parties to submit further proposed questions. Both parties did submit proposed questions to the Court in advance of the *voir dire*, and during the *voir dire* process. The Court considered them and asked those it deemed proper. Thus, the Court did follow Rule 24, and as the record established, did provide a proper *voir dire* process.

Finally, Defendant Frazier contends that the Court should order a new trial under Fed. R. Crim. P. 33, in "the interest of justice." Defendant Frazier's principal argument is:

7

> "[I]t is clear that the jury ignored the evidence and lack thereof."

*Id.* at 28.

The Court concludes, that the jury did not ignore the evidence against the Defendants, and finds that there was credible evidence establishing their guilt beyond a reasonable doubt on all charges.

Further, specifically as to Defendant Odum, there was more than sufficient proof establishing his involvement in the instant RICO enterprise – the Phantom Outlaw Motorcycle Club – and his guilt of the offense charged. The Court rejects his claim on Page 7 of his brief (Dkt. #572) that two evidentiary rulings by the Court permitting testimony related to Phantom conduct denied him his right to a fair trial. The Court ruled them admissible at trial, and stands by these rulings. The Court also finds credible the testimony of the witnesses that testified against Defendant Odum, and the tape recorded conversations between Carl Miller and Odum, as establishing Odum's guilt beyond a reasonable doubt.

Accordingly, the Motions of Defendants Odum and Frazier for Judgments of Acquittal and/or New Trial are DENIED.

SO ORDERED.

DATED: SEP 1 1 2015

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE